UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAQUAY HILER,
    Plaintiff,

v.                                                            Case No. 07-C-959

PETER ERICKSON, KAPH,
LT. SWIEKATOWSKI, SGT LONGSINE,
LT. STUTLEEN, LT. ROGER,
LT. LESATZ, CAPTAIN LAURENT,
OFFICER JONATHAN BATE, SGT. SCHUH,
SGT. RITZLAFF, OFFICER WELCH,
OFFICER BOUCHONVILLE, OFFICER TILOT,
OFFICER FORD, OFFICER WALTON,
OFFICER FIGUEROA, OFFICER CARL,
OFFICER DEBROUX, MARK ZIMONICK
OFFICER FUTHER, OFFICER WISNIEWSKI,
SGT. ANNIBALE, MARTHA BREEN,
CAPTAIN SCHULTZ, RN JEAN LUTSEY,
OFFICER KLARKOWSKI and SGT. HAMILTON,
    Defendants.

**ORDER**

Plaintiff, who is incarcerated at Jackson Correctional Institution, lodged a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on plaintiff's petition to proceed in forma pauperis.

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is required to pay the statutory filing fee of $350.00 for this action. If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds

exist, collects from plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $3.43.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give

2

the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff is incarcerated at Jackson Correctional Institution. He alleges:

Each defendants [sic] treat me in cruel and abusive painful way they intentionally and desperately brought on many mental breakdown I had daily the mental breakdown could have lead [sic] to act of suicide, this inhumanity by each defendants [sic] had my mental state mind disorganized behavior emerged internal impulse linked with anger fear and other strong emotion grew to overwhelming proportions, each defendants [sic] participate in physical and mental abuse I was also assault by defendants when the defendants knew my mental state mind was disorganized, the defendants also had me left in unpleasantly living condition which I could have died from such deplorable living condition, each defendants [sic] had no remorse continue leave me in contaminate cells [sic].

(Compl. ¶ IV.A.)

3

Plaintiff claims that defendants' actions violated Wis. Admin. Code §§ DOC 306.03[1] and 302.08.[2] For relief, he seeks to sue each defendant for neglect and assault, for not providing him with adequate nourishment, for aggressively assaulting him when they knew his mental state was disorganized, for not providing him with adequate daily treatment, and for daily and nightly pain and suffering. Plaintiff concludes that he would like outside charges to be brought against each defendant for the wrongs they did to him, and to sue each defendant for lying by not admitting "to miserable like torture way they treat me in segregation." (Compl. ¶ V.)

A violation of the Wisconsin Administrative Code, by itself, does not implicate the Constitution. See Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996). Plaintiff's allegations that defendants assaulted him, failed to treat his serious mental health issues, and subjected him to contaminated conditions of confinement implicates the Eighth

---

[1] **DOC 306.03 Security policy.** Primary security objectives of the department are to protect the public, staff, and inmates and to afford inmates the opportunity to participate in correctional activities in a safe setting.

[2] **DOC 302.08 Requirements for assigning a minimum custody classification to an inmate serving a life sentence. (1)** In this section, "life sentence" means a sentence of life imprisonment. An inmate sentenced to life imprisonment who is released on parole, violates a condition of parole and is returned to a state correctional institution with or without a new sentence is considered to be serving a life sentence. If the governor pardons or commutes a life sentence, it is no longer a life sentence. The life sentence definition also applies to an inmate from another jurisdiction who is serving a sentence of life imprisonment under the jurisdiction's laws.
**(2)** To be eligible for a minimum custody classification, an inmate serving a life sentence shall have:
(a) Reached parole eligibility or be within 5 years of extended supervision eligibility as defined in ss. 304.06 (1) and 973.014, Stats.
(b) A recommendation for minimum custody classification made by the PRC under s. DOC 302.17.
(c) Director's approval for minimum custody classification.

Amendment. However, although plaintiff names twenty-eight defendants, he does not allege that any defendant was personally involved in the complaint allegations other than collectively referring to all defendants. The complaint also does not provide an indication of when the twenty-eight defendants allegedly violated his rights. In short, the complaint allegations do not provide sufficient detail to illuminate the nature of his claim(s) and allow defendants to respond. George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007).

"Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. See Pacelli v. deVito, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. Id. Therefore, plaintiff must identify the defendant or defendants whom he asserts caused the alleged violations.

In addition, plaintiff has several lawsuits pending in this court. If he does file an amended complaint, he should be sure not to bring allegations that he has already set forth in another one of his cases.

If plaintiff wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. Such amended complaint must be filed on or before **May 12, 2008**. Failure to file an amended complaint within this time period may result in dismissal of this action.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint

5

supersedes the prior complaint and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). In Duda, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." Id. (citations omitted).

**Therefore,**

**IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **May 12, 2008**, plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $346.57 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

6

Dated at Milwaukee, Wisconsin, this 21 day of April, 2008.

/s_____

LYNN ADELMAN
District Judge