UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAQUAY HILER,

    Plaintiff,

  v.                                        Case No. 07-C-959

PETER ERICKSON, KAPH,
LT. SWIEKATOWSKI, SGT. LONGSINE,
ST. STUTLEEN, LT. ROGER, LT. LESATZ,
CAPTAIN LAURENT, OFFICER JONATHAN BATE,
SGT. SCHUH, SGT. RITZLAFF, OFFICER WELCH,
OFFICER BOUCHONVILLE, OFFICER TILOT,
OFFICER FORD, OFFICER WALTON,
OFFICER FIGUEROA, OFFICER CARL,
OFFICER DEBROUX, MARK ZIMONICK,
OFFICER FUTHER, OFFICER WISNIEWSKI,
SGT. ANNIBALE, MARTHA BREEN,
CAPTAIN SCHULTZ, RN JEAN LUTSEY,
OFFICER KLARKOWSI, and SGT. HAMILTON,

    Defendants.

## ORDER

Plaintiff, a Wisconsin state prisoner, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 along with a motion for leave to proceed in forma pauperis. On April 21, 2008, I granted plaintiff's motion for leave to proceed in forma pauperis and, upon consideration of the complaint under 28 U.S.C. § 1915A, directed plaintiff to file an amended complaint curing the deficiencies in the original if he wished to proceed. Plaintiff has filed an amended complaint which I will now screen pursuant to 28 U.S.C. § 1915A.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a).

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

2

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The amended complaint alleges:

> Psychological Martha Breen knew my mental state [of] mind was deteriorating in March of 2005, and which psychological Martha Breen state in review for mental health placement report I inmate Hiler #345498 couldn't meet the ordinary demand of life in an institution, and which also I inmate Hiler #345498 had serious self-destruction out [of] control behavior I inmate Hiler #345498 was mentally confuse from March 2005 until I inmate Hiler #345498 was transfer to Wisconsin Resource Center May 26, 2005 I inmate Hiler #345498 couldn't maintain suitably clean cell cause how mentally impaired my mental state mind was, and each defendants purposely allow me living in deplorable cell condition, and which I inmate Hiler #345498 could have slip and fell in flooded contaminate cell, each defendants knew I inmate #345498 was mentally confuse so by leave I inmate Hiler #345498 in contaminate cell each defendants strongly thought that I inmate Hiler #345498 will not recognize how contaminated the cell condition was, and which each defendants took advantage of how I was mentally confuse and had no remorse and left me in contaminate cells conditions.

(Am. Compl. at 2.) Attached to the amended complaint is a Wisconsin Department of Corrections form, Review for Mental Health Placement. The form, which indicates a May 23, 2005, referral date, states that Martha J. Breen, Ph.D. Psychologist, is the referring staff member and also states the following Reason for Psychological Services Review:

> Mr. Hiler has been deteriorating behaviorally and in terms of his mental status for some time. He has had numerous episodes of out of control behavior, covering his windows and smearing food and excrement around. He has been observed appearing to respond to internal stimuli and behaving in a bizarre manner. Attempts at controlling him have led to numerous cell entries and observation placements. Mr. Hiler needs stabilization and possibly further

3

evaluation for his deterioration in function. He is also to be MR'ed in 2005 and may also benefit from pre-release programming.

Plaintiff appears to be setting forth Eighth Amendment deliberate indifference to mental health and conditions of confinement claims. Deliberate indifference to the serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, and thus is proscribed by the Eighth Amendment. Walker v. Benjamin, 293 F.3d 1030, 1040 (7th Cir. 2002) (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). Serious medical needs are not restricted to physical conditions; the need for a mental illness to be treated may be considered a serious medical need if it could result in significant injury, such as death by suicide, or the unnecessary and wanton infliction of pain. Sanville v. McCaughtry, 266 F.3d 724, 734 (7th Cir. 2001).

Plaintiff alleges that defendant Dr. Martha Breen knew his mental state was deteriorating. He also alleges that Dr. Breen stated that plaintiff could not meet the ordinary demands of prison life and had serious self-destructive and out-of-control behavior. Plaintiff further alleges that he was subsequently transferred to the Wisconsin Resource Center where his mental confusion subsided. In addition, the Review for Mental Health Placement form attached to the amended complaint makes clear that Dr. Breen evaluated plaintiff's mental condition and determined that he required additional treatment. Plaintiff's allegations do not support an Eighth Amendment deliberate indifference to mental health claim against Dr. Breen because officials do not act with deliberate indifference if they respond reasonably to an inmate's medical needs. See Guzman v. Sheahan, 495 F.3d 852, 857 (7th Cir. 2007); Johnson v. Doughty, 433 F.3d 1001, 1010-11 (7th Cir. 2006).

4

With regard to a conditions of confinement claim, plaintiff alleges that all of the defendants purposefully allowed him to live in deplorable conditions in that they allowed him to live in a flooded, contaminated cell and that they thought plaintiff would not notice the conditions because of his confused mental state. To plead an Eighth Amendment claim for unconstitutional conditions of confinement, an inmate need only allege that prison officials knowingly denied him "the minimal civilized measure of life's necessities. Henderson v. Sheahan, 196 F.3d 839, 845 (7th Cir. 1999) (internal quotation marks and citation omitted). Those necessities include adequate shelter, clothing, and hygiene items. See Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir. 2006). To prove his claim, plaintiff will need to produce evidence that, objectively, the conditions fell below constitutional thresholds and that, subjectively, the defendants were aware of those conditions but did nothing to correct them. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Gillis, 468 F.3d at 491. However, proof comes later; the complaint need only "give enough detail to illuminate the nature of the claim and allow defendants to respond." George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007). Plaintiff's allegations that defendants forced him to live in a flooded and contaminated cell state a claim under the Eighth Amendment.

In sum, plaintiff may proceed on an Eighth Amendment conditions of confinement claim.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals

5

Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 11 day of July, 2008.

/s                         
LYNN ADELMAN
District Judge